KEARSE, Circuit Judge,
dissenting:
I respectfully dissent from the majority’s conclusion that the Secured Equipment Trust of Eastern Airlines, Inc. (the “Trust”), is not a “business trust” within the meaning of the Bankruptcy Code, see 11 U.S.C. § 101(9)(A)(v) (Supp. V 1993). Thus, I would reverse the decision of the district court that the Trust is not a “person” within the meaning of the Code, see id. § 101(41) (defining person to include corporation); id. § 101(9) (defining corporation to include business trust), and hence cannot be subjected to involuntary bankruptcy proceedings, see 11 U.S.C. § 303(a) (1988).
The Trust is an entity in which investors purchased certificates evidencing their respective shares of beneficial ownership. The certificateholders expected to earn a profitable return on their investments. Pursuant to the terms of the Trust Indenture, which provided that it was to be governed by New York law, the Trustee (sometimes referred to as “Collateral Trustee”) used the capital raised through the sale of the certificates to purchase aircraft from Eastern Airlines, Inc. (“Eastern”); the Trustee leased the aircraft back to Eastern at rates designed to ensure the certificateholders their agreed rate of return.
The Indenture also gave the Trustee considerable powers to deal with the equipment in the event that Eastern defaulted. These included the power to take the aircraft, airframes, engines, or any parts thereof, into the Trustee’s possession, the power to sell any or all of this equipment at public or private sale for cash or on credit, and the power to lease any or all of the equipment to others. As events unfolded, the Trustee in fact had to engage in such activities. As of January 24, 1991, the Trust had taken possession of 67 commercial jet aircraft and 165 engines. The Trustee undertook an exten *92 sive marketing program for the lease and/or sale of these assets and arranged for their maintenance, repair, insurance, and storage pending such lease or sale. Two years after taking possession of these assets, the Trustee was still managing a fleet of 47 commercial jet aircraft. As the bankruptcy court observed in its April 16, 1993 ruling,
[sjince January 24, 1991, the Collateral Trustee, in accordance with its rights and powers under the Indenture, has actively managed, maintained,' marketed, leased and sold certain Collateral Pool equipment.
In re Secured Equipment Trust, 153 B.R. 409, 411 (Bkrtcy.S.D.N.Y.1993). In my view, the Trustee was operating a business, and the Trust would be a business trust under New York law, which defines such an entity as “any association operating a business under a written instrument or declaration of trust, the beneficial interest under which is divided into shares represented by certificates.” N.Y. General Associations Law, § 2.2.
Such an entity appears to be among those Congress meant the Bankruptcy Code to encompass in its definition of “corporation” as including “business trust[s]”:
(9) “corporation”—
(A) includes—
(i) association having a power or privilege that a private corporation, but not an individual or a partnership, possesses; ..
(ii) partnership association organized .under a law that makes only the capital subscribed responsible for the debts of such association;
(iii) joint-stock company;
(iv) unincorporated company or association; or
(v) business trust; but
(B) does not include limited partnership.
11 U.S.C. § 101(9). Although the Code contains no definition of the term “business trust,” the legislative history of the term is informative. Prior to the enactment of the Code, the Bankruptcy Act of 1898, as amended (the “Act”), defined corporation to include the same groups eventually listed in § 101(9)(A) of the Code. Instead of using the term “business trust” in haec verba, however, the Act definéd corporation to include “any business conducted by a trustee or trustees wherein beneficial interest or ownership is evidenced by certificate or other written instrument.” 11 U.S.C. § 1(8) (1976). In enacting the Code in 1978, Congress replaced this language with the term “business trust,” and in describing the Code’s definition of “corporation,” the reports of the Judiciary Committees of both the Senate and the House of Representatives stated that “[t]he definition of ‘corporation’ ... is similar to the definition in current law, section 1(8).” S.Rep. No. 989, 95th Cong., 2d Sess. 22, reprinted in 1978 U.S.Code Cong. & Admin.News (“USCCAN”) ' 5787, 5808; H.R.Rep. No.-595, 95th Cong., 2d Sess. 309, reprinted in 1978 U.S.C.C.A.N. 5963, 6266. See also 1 J. Moore, Collier on Bankruptcy ¶ 4.20, at 648 n. 5 (14th ed. 1988) (stating that business trusts were included in the Act’s definition of corporation by amendment adopted in 1926). Thus, the legislative history reveals that the Code’s use of the term “business trust” was intended to include an entity that conducts business through a trustee and issues certificates or other written instruments to evidence beneficial interest or ownership in the entity. Had Congress intended the Code’s use of the term “business trust” to be more restrictive than the descriptive language that the term replaced in the Act, I would have expected the legislative history to contain some statement to that effect, and I doubt that Congress would have called the two provisions “similar.” Given this history, the Trust at issue here meets the criteria to be considered a business trust under the federal bankruptcy laws.
I find the majority’s reasons for concluding that the Trust is not a business trust unpersuasive. Though the majority argues that the Trust was formed only to “preserve” the assets securing the investors’ loans to Eastern, this Trust plainly is not a typical trust for the simple preservation of- assets. The Trust was the vehicle through which financial institutions that agreed to make collateral-ized loans to Eastern agreed to have the money transferred and the aircraft collateral *93 held, and it is plain from the indenture documents that neither the loans nor the interest payable to the certificateholders existed independent of the Trust. The Trust was established in order to enter into the purchase- and-leasebaek transactions that would generate the rental income that created the certifi-cateholders’ profits.
And though the majority seems to rely most heavily on the fact that any excess profits generated by the purchase-and-leaseback would be payable to Eastern, the Trust plainly was no eleemosynary entity. Its operations were intended to generate a return on certificateholders’ investment in the Trust, and while the amount of that return was contractually limited, the certificatehold-ers were still to receive their agreed profit. I fail to see why the agreed profit limitation should remove the Trust from the Code definition of corporation.
In sum, I would conclude that a trust whose beneficial owners’ interests are reflected by investment certificates, and which was engaged in the purchase and leaseback of equipment and thereafter engaged in the sale and lease of that equipment to others when the original seller/lessee failed to make payments on its lease, is properly viewed as a business trust within the meaning of § 101(9)(A)(v). Accordingly, I would reverse the decision of the district court.